UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 10, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FEDEX GROUND PACKAGE SYSTEM, INC.,
EMPLOYMENT PRACTICES LITIGATION (NO. II)

| | |
|---|---|
| Kenneth Rascon v. FedEx Ground Package System, Inc., et al., ) | |
| D. Colorado, C.A. No. 1:08-2101 ) | MDL No. 1700 |

## TRANSFER ORDER

**Before the entire Panel**[*]:  Plaintiff in this District of Colorado action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Northern District of Indiana for inclusion in MDL No. 1700.  FedEx Ground Package System, Inc., and its division FedEx Home Delivery (collectively FedEx Ground) oppose the motion.

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Indiana, and that transfer of this action to the Northern District of Indiana for inclusion in MDL No. 1700 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held that the Northern District of Indiana was a proper Section 1407 forum for actions that share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees.  *See In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380 (J.P.M.L. 2005).

Plaintiff can present his motion to remand to state court to the transferee court.  *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff argues against transfer, *inter alia*, that the claims in his putative class action are based on facts specific to Colorado and will not benefit from inclusion in MDL No. 1700.  Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument.  Resolution of the present claims will still implicate the same threshold issues raised by the actions previously centralized in MDL No. 1700.  Moreover, the Panel has already transferred

---

[*]  Judge Miller and Judge Hansen took no part in the decision of this matter.

actions to MDL No. 1700 which, like the present one, involve allegations that certain FedEx Ground drivers are entitled to compensation under state law because FedEx Ground classified them as independent contractors, rather than employees, and they drove vehicles weighing less than 10,001 pounds. Transfer will also minimize the risk of inconsistent or overlapping rulings, including those with respect to class certification issues.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr.[*] |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |